

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID HOWARD,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 03-CV-1600 (FB)

*Appearances:*
For the Petitioner:
DAVID HOWARD, *pro se*
# 57618-053 Brady A51
FCI Allenwood – Low
Federal Correctional Institution
Post Office Box 1000
White Deer, PA 17887

For the Respondent:
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
By: GREG D. ANDRES, ESQ.
Assistant United States Attorney
147 Pierrepont Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

*Pro se* petitioner David Howard ("Howard") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 following his conviction for possession of a firearm by a felon. Howard contends that he is entitled to *habeas* relief because he received ineffective assistance of trial counsel. The petition is denied.[1]

Prior to trial, defense counsel informed the government that he intended to assert a justification defense based upon facts Howard provided during his attempted plea

---

[1]The present Memorandum and Order is identical in all material respects to the Memorandum and Order entered on March 15, 2004. The Second Circuit vacated the March 15 Memorandum and Order because at the time it was entered, jurisdiction over Howard's § 2255 petition resided in the circuit court. Jurisdiction over the petition returned to this Court with the issuance of the Second Circuit's mandate on July 12, 2004; due to a docketing error, the case was not reopened. The Clerk is hereby directed to reopen the case.

allocution, namely that he had possession of the gun because he had disarmed a "drunken man" at a children's party at the request of a woman who feared the children were in danger. Petitioner's Memorandum Brief in Support of Motion Pursuant to 28 U.S.C. § 2255 ("Pet. Mem.") at 4. The government moved *in limine* to preclude Howard from asserting a justification defense. After hearing argument, and considering the facts provided by Howard in his attempted plea allocution, the Court granted the motion.

Howard now asserts that trial counsel was ineffective because his "motion for a justification defense was bare bones" and counsel "failed to conduct an investigation and locate witnesses" who would have supported Howard's defense. Pet. Mem. at 2. Ineffective assistance of counsel claims are analyzed under the two prong standard in *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant must show that counsel's representation "fell below an objective standard of reasonableness" based on "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

Even assuming, *arguendo*, that counsel's performance was deficient, Howard can not establish prejudice under *Strickland*. Accepting his rendition of the facts as true, and assuming counsel had presented the witnesses that would have verified Howard's account of the events at the party, he would not have been entitled to present a justification defense. Even if Howard could have shown that there was an actual or imminent threat at the party, he could not have established that he had no "reasonable, legal alternative to violating the law." *United States v. Bailey*, 444 U.S. 394, 410 (1980). Rather than take the gun

2

he could have called the police or asked someone else to take possession of the gun. *See United States v. Bakhtiari*, 913 F.2d 1053, 1058 (2d Cir. 1990) (justification defense failed where defendant had the opportunity, "whether by flight or by seeking the intervention of the appropriate authorities," to escape the threatened harm). Moreover, Howard's continued possession of the gun after he left the party would have defeated his justification defense. *See, e.g. United States v. Stover*, 822 F.2d 48, 50 (8th Cir. 1987) (maintaining possession of firearm after danger subsides defeats justification defense). Thus, Howard cannot establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Howard has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
May 31, 2006

3